# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 29, 2012

Lyle W. Cayce
Clerk

No. 11-41336
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DUVAL URREA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:10-CR-95-1

Before WIENER, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Duval Urrea appeals his jury trial convictions of one count of conspiring to transport and harbor illegal aliens within the United States and five counts of aiding and abetting the transportation and movement of illegal aliens within the United States. He contends that the evidence was insufficient to support his convictions.

."When an insufficiency-of-the-evidence claim of error is properly preserved through a motion for judgment of acquittal at trial, it is reviewed de

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

novo." *United States v. McDowell*, 498 F.3d 308, 312 (5th Cir. 2007). However, when a motion for judgment of acquittal does not properly preserve a claim, "our review is only for a manifest miscarriage of justice." *Id.*

As to the five counts of aiding and abetting the transportation and movement of illegal aliens within the United States, Urrea preserved the sufficiency issue by moving for a judgment of acquittal at the close of the evidence. *See id.* Our review of the record reveals no motion for a judgment of acquittal directed to the conspiracy charge. However, because the evidence as to the conspiracy count is sufficient under either standard, it is unnecessary to decide the applicable standard of review, and we apply the de novo standard. *See United States v. Winkler*, 639 F.3d 692, 696 n.1 (5th Cir. 2011).

We will affirm "if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt." *United States v. Delgado,* 256 F.3d 264, 273 (5th Cir. 2001). We "do not evaluate the weight of the evidence or the credibility of the witnesses, but view the evidence in the light most favorable to the verdict, drawing all reasonable inferences to support the verdict." *Id.* at 273-74. Our review of the sufficiency of the evidence is the same for circumstantial evidence as it is for direct evidence. *United States v. Ibarra-Zelaya*, 465 F.3d 596, 602 (5th Cir. 2006).

Urrea concedes in his opening brief that the evidence demonstrated the existence of a conspiracy involving others and his knowledge of illegal activity. He argues, however, that the evidence did not prove that he was a part of the charged conspiracy. He also contends that there is no evidence that he undertook any affirmative conduct with respect to the transportation and movement of the aliens identified in the five aiding and abetting counts.

To prove Urrea guilty of the conspiracy offense, the Government had to establish that Urrea and at least one other person agreed to violate the law by transporting and harboring illegal aliens within the United States, acted overtly in furtherance of the agreement, had knowledge of the conspiracy, and

voluntarily intended to join and participate in it. *See United States v. Avila-Dominguez*, 610 F.2d 1266, 1271 (5th Cir. 1980). To prove Urrea guilty of the five substantive offenses, the Government had to establish that an alien illegally entered or remained in the United States, that the alien was transported within the United States with the intent to further the alien's unlawful presence, that Urrea knew or recklessly disregarded the fact that the alien was illegally in the country, and that Urrea aided and abetted the offense. *See United States v. Nolasco-Rosas*, 286 F.3d 762, 765 (5th Cir. 2002). To prove that he aided and abetted, the Government had to establish that the substantive offense occurred and that Urrea associated with the criminal venture, purposefully participated in the crime, and sought by his actions for it to succeed. *See United States v. Rodriguez*, 553 F.3d 380, 391 n.5 (5th Cir. 2008). All of the offenses also required proof that the offense placed in jeopardy the life of any person. *See* 8 U.S.C. § 1324(a)(1)(B)(iii). Evidence supporting a conspiracy conviction typically supports a conviction for aiding and abetting. *Rodriguez*, 553 F.3d at 391.

The Government demonstrated Urrea's association with individuals who participated in an alien smuggling conspiracy that involved the illegal entry of approximately 20 aliens and their transportation within the United States. "[P]resence or association is one factor that the jury may rely on, along with other evidence, in finding conspiratorial activity by a defendant." *United States v. Magee*, 821 F.2d 234, 239 (5th Cir.1987). However, "it is well established that mere presence at the crime scene or close association with conspirators, standing alone, will not support an inference of participation in the conspiracy." *United States v. Maltos*, 985 F.2d 743, 746 (5th Cir. 1992).

In addition to proof of his close association with alien smugglers, the Government introduced the testimony of a jailhouse informant. The informant's testimony indicated that Urrea had related the details of a vehicle accident that resulted in the death of one of the illegal aliens being transported within the

No. 11-41336

United States.  Specifically, the informant testified:  "He said that it was a car in front of them, that one of [the aliens] had died."  The above evidence, along with circumstantial evidence pointing to Urrea's involvement in the conspiracy and alien smuggling operation, was sufficient to support Urrea's convictions.

AFFIRMED.